# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

NICHOLAS T. SCHRAM et al.,

    Plaintiffs,

vs.

MELISSA L. BROWN,

    Defendant.

3:18-cv-00055-RCJ-VPC

**ORDER**

This is an action to quiet title. Now pending before the Court is a motion to dismiss. (Mot. Dismiss, ECF No. 5.) For the reasons given herein, the Court grants the motion in part and denies it in part.

## I. FACTS AND PROCEDURAL HISTORY

In February 2012, Plaintiffs Nicholas and Sandra Schram wanted to purchase a new house at 674 Westwinds Drive in Dayton, Nevada ("the Property"), but were unable to qualify for a home loan due to a recent foreclosure. They asked their daughter, Defendant Melissa Brown, if she would be willing to obtain a loan and purchase the Property for them. Ms. Brown agreed; however, the precise terms of that agreement, discussed below, are at the heart of this dispute.

Ultimately, Ms. Brown obtained an $88,000 loan to finance a final purchase price of $110,000. Mr. and Mrs. Schram funded the down payment and closing costs. Ms. Brown closed

on the Property in August 2012, and the Schrams took possession of the home. Since that time, the Schrams have made all payments on Ms. Brown's mortgage, which are alleged to have been approximately $570 per month. (*See* Compl. ¶ 7, ECF No. 1-5; Mot. Dismiss 8, ECF No. 5.) The Schrams also allege they have made "significant improvements" to the Property, although they do not specify the nature of those improvements.

In September 2017, after occupying the Property for about five years, the Schrams notified Ms. Brown that they were "qualified and ready" to obtain their own home loan in order to satisfy the balance of Ms. Brown's mortgage and take title to the Property. Ms. Brown refused, which leads to the central controversy of this case. The Schrams allege that, prior to Ms. Brown's purchase of the Property, the parties entered into a voluntary oral agreement under which: (1) Ms. Brown would borrow money and purchase the Property, (2) the Schrams would pay the down payment and all other costs incurred in purchasing the Property, (3) the Schrams would make all payments on Ms. Brown's mortgage, and (4) at some future date, when the Schrams became able to obtain their own financing, they would pay off Ms. Brown's mortgage in full, at which time Ms. Brown would transfer title to them. (Compl. ¶ 5.) Ms. Brown denies that she made any agreement to transfer title to the Schrams. Her apparent understanding of the agreement, as indicated in her motion to dismiss, is simply that she would buy the Property and allow the Schrams to live in it so long as they made her monthly mortgage payments. (Mot. Dismiss 2–3; Reply 2–3, ECF No. 10.)

With this lawsuit, the Schrams seek to quiet title in themselves, on the basis of their alleged oral agreement with Ms. Brown. They have also asserted claims for breach of fiduciary duty and unjust enrichment. Ms. Brown has moved for dismissal.

///

///

## II. LEGAL STANDARDS

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief" in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47 (1957). Federal Rule of Civil Procedure 12(b)(6) mandates that a court dismiss a cause of action that fails to state a claim upon which relief can be granted. A motion to dismiss under Rule 12(b)(6) tests the complaint's sufficiency. *See N. Star Int'l v. Ariz. Corp. Comm'n*, 720 F.2d 578, 581 (9th Cir. 1983). When considering a motion to dismiss under Rule 12(b)(6) for failure to state a claim, dismissal is appropriate only when the complaint does not give the defendant fair notice of a legally cognizable claim and the grounds on which it rests. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). In considering whether the complaint is sufficient to state a claim, the court will take all material allegations as true and construe them in the light most favorable to the plaintiff. *See NL Indus., Inc. v. Kaplan*, 792 F.2d 896, 898 (9th Cir. 1986). The court, however, is not required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences. *See Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).

A formulaic recitation of a cause of action with conclusory allegations is not sufficient; a plaintiff must plead facts pertaining to his own case making a violation "plausible," not just "possible." *Ashcroft v. Iqbal*, 556 U.S. 662, 677–79 (2009) (citing *Twombly*, 550 U.S. at 556) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."). That is, under the modern interpretation of Rule 8(a), a plaintiff must not only specify or imply a cognizable cause of action (*Conley* review), but also must allege the facts of his case so that the

court can determine whether the plaintiff has any basis for relief under the cause of action he has specified or implied, assuming the facts are as he alleges (*Twombly-Iqbal* review).

"Generally, a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion. However, material which is properly submitted as part of the complaint may be considered on a motion to dismiss." *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1990) (citation omitted). Similarly, "documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered in ruling on a Rule 12(b)(6) motion to dismiss" without converting the motion to dismiss into a motion for summary judgment. *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994). Moreover, under Federal Rule of Evidence 201, a court may take judicial notice of "matters of public record." *Mack v. S. Bay Beer Distribs., Inc.*, 798 F.2d 1279, 1282 (9th Cir. 1986). Otherwise, if the district court considers materials outside of the pleadings, the motion to dismiss is converted into a motion for summary judgment. *See Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 925 (9th Cir. 2001)

**III. ANALYSIS**

    **a. Quiet Title**

A quiet title action is simply a request that a court declare the rights of the parties as to the title to a piece of real estate. *See Kress v. Corey*, 189 P.2d 352, 364 (Nev. 1948). In Nevada, "[a]n action may be brought by any person against another who claims an estate or interest in real property, adverse to the person bringing the action for the purpose of determining such adverse claim." Nev. Rev. Stat. § 40.010. "A plea to quiet title does not require any particular elements, but each party must plead and prove his or her own claim to the property in question and a plaintiff's right to relief therefore depends on superiority of title." *Chapman v. Deutsche Bank Nat'l Trust Co.*, 302 P.3d 1103, 1106 (Nev. 2013) (internal quotation marks and citations

omitted). The burden of proof rests with the plaintiff to prove good title in himself. *Breliant v. Preferred Equities Corp.*, 918 P.2d 314, 318 (Nev. 1996).

In accordance with the Court's comments at oral argument, the claim to quiet title will be dismissed with leave to amend. In Nevada, a party may bring an action to quiet title on the basis of a contract which, if performed, would guarantee him superiority of title. *See, e.g.*, *Old Aztec Mine, Inc. v. Brown*, 97 Nev. 49, 623 P.2d 981 (1981). The Schrams have alleged a contract under which title to the Property would be transferred to them, and have presented themselves able and ready to perform. If they are ultimately able to prove the material terms of their alleged contract with Ms. Brown, then their claim to quiet title is an appropriate vehicle for obtaining the relief they seek.

Ms. Brown has challenged the pleading on several bases, including failure of consideration, application of the statute of frauds, and general deficiency under the strictures of *Twombly-Iqbal* review. Although the Complaint alleges the existence of a valid and enforceable contract between the Schrams and Ms. Brown, and details several of the alleged contract's terms, it is true that there is no allegation as to what consideration, if any, supported the agreement. The quiet title claim is entirely based on the existence of a contract, and thus the Schrams' pleading must plausibly allege that all of the requirements of contract formation have been satisfied. Whether the Schrams wish to assert that the contract was supported by actual, bargained-for consideration, or to rely on some substitute for the consideration requirement, such as detrimental reliance, such allegations must be made in the Complaint and accompanied by adequate supporting facts. *See Vancheri v. GNLV Corp.*, 105 Nev. 417, 421, 777 P.2d 366, 369 (1989) ("The doctrine of promissory estoppel, which embraces the concept of detrimental reliance, is intended as a substitute for consideration . . . ."); *see also Branch Banking & Tr. Co. v. D.M.S.I., LLC*, 871 F.3d 751, 763 (9th Cir. 2017) (interpreting Nevada law) ("Estoppel can

apply to a promise for which there was no consideration paid. In such a case, reliance is a substitute for consideration.").

Ms. Brown also argues that the alleged contract fails under Nevada's statute of frauds because no written instrument exists and the agreement is purported to be a contract for the transfer of real property. *See* NRS 111.205. However, the operation of a statute of frauds is an affirmative defense, *see* Nev. R. Civ. P. 8(c), which may be avoided in certain instances, such as in the case of a partial performance. *See Jones v. Barnhart*, 89 Nev. 74, 76, 506 P.2d 430, 431 (1973); *Zunino v. Paramore*, 83 Nev. 506, 508–09, 435 P.2d 196, 197 (1967). Accordingly, a court normally cannot adjudicate the applicability of a statute of frauds at the pleadings stage unless the defense appears on the face of the challenged pleading. *See Jones v. Bock*, 549 U.S. 199, 214–15 (2007). Here, if a valid contract was formed in this case, the Schrams have an argument for avoidance of the statute of frauds based on their expenditure of significant funds on the Property, as alleged in the Complaint. *See Jones*, 506 P.2d at 430–31. In this regard, the only deficiency the Court finds in the pleading—in addition to the lack of sufficient allegations of all material terms of the alleged contract, as discussed above—is that the Schrams have not specified the full extent to which they claim to have performed the contract. The Schrams concede that their agreement was not memorialized in a writing, and thus acknowledge that they must rely on an exception to the statute of frauds. While the Complaint includes allegations that the Schrams funded the down payment and closing costs, made improvements on the Property, and paid Ms. Brown's mortgage payments, it does not provide further facts to make the claim of partial performance plausible. For example, what amounts were paid, what improvements were made, and were all expenditures made in justifiable reliance on the alleged agreement or for some other reason?

///

Therefore, the claim to quiet title is dismissed with leave to amend. To survive a subsequent motion to dismiss, the amended complaint must allege, at a minimum, the material circumstances surrounding contract formation, including when the contract was created; all specific material terms of the contract, including the form and amount of any consideration, the pertinent facts of any applicable substitute for consideration, and any limitations on the timing of any party's performance; and sufficient facts to support the allegation of partial performance as relevant to the statute the frauds.

### b. Breach of Fiduciary Duty

In Nevada, "a fiduciary relation exists between two persons when one of them is under a duty to act for or to give advice for the benefit of another upon matters within the scope of the relation." *Stalk v. Mushkin*, 125 Nev. 21, 28, 199 P.3d 838, 843 (2009) (citing Restatement (Second) of Torts § 874 cmt. a (1979)). "Thus, a breach of fiduciary duty claim seeks damages for injuries that result from the tortious conduct of one who owes a duty to another by virtue of the fiduciary relationship." *Id.*

Here, the Schrams have made plausible allegations of a fiduciary relationship between themselves and Ms. Brown. The Complaint includes the assertion that Ms. Brown acted as the Schrams' "agent," having agreed to acquire the Property for them. (Compl. ¶ 14.) "Although a fiduciary relationship is particularly likely to exist when there is a family relationship, a family relationship, of itself, does not create a fiduciary relationship unless it is established by additional facts." *Liapis v. Dist. Ct.*, 128 Nev. 414, 421, 282 P.3d 733, 738 (2012) (citations and brackets omitted). Therefore, Ms. Brown is correct in arguing that a mere familial relationship between parties is insufficient, without more, to give rise to a fiduciary duty. However, the Schrams allege not only that a parent-child relationship existed, but also that they entered into an agreement under which Ms. Brown would purchase them a home, and transfer title to them once

certain conditions were met. Therefore, if the Schrams are ultimately able to prove a valid contract with the terms they have alleged, it is quite possible that a fiduciary relationship was created in this case. *See id.* (citation omitted) ("[W]hether a confidential relationship exists for a parent-child . . . is an issue of fact and is not presumed as a matter of law.").

Accordingly, the Court will allow his claim to proceed.

### c. Unjust Enrichment

The essential elements of a claim of unjust enrichment are "a benefit conferred on the defendant by the plaintiff, appreciation by the defendant of such benefit, and acceptance and retention by the defendant of such benefit under circumstances such that it would be inequitable for him to retain the benefit without payment of the value thereof." *Leasepartners Corp. v. Robert L. Brooks Tr. Dated Nov. 12, 1975*, 113 Nev. 747, 755, 942 P.2d 182, 187 (1997) (quoting *Unionamerica Mtg. v. McDonald*, 97 Nev. 210, 212, 626 P.2d 1272, 1273 (1981)). "Additionally, unjust enrichment occurs whenever a person has and retains a benefit which in equity and good conscience belongs to another." *Id.* (citation omitted). This doctrine is applicable "where there is no legal contract but where the person sought to be charged is in possession of money or property which in good conscience and justice he should not retain but should deliver to another or should pay for." *Id.* at 756 (citation and brackets omitted).

The Court finds the Complaint sufficient to state a plausible alternative claim of unjust enrichment. The Schrams allege they funded the down payment, paid all buyer's closing costs, and made improvements on the Property. In addition, the Schrams have made all Ms. Brown's mortgage payments for more than five years.[1] If no enforceable contract was formed in this case, these expenditures will constitute significant financial benefits conferred upon Ms. Brown. If

---

1 While the Court finds this claim to be sufficiently pled, it notes the Schrams will be required to allege the precise amounts expended on the Property in amending their claim to quiet title.

these benefits were retained by Ms. Brown in a situation where she was entitled to all of the Property's present value, the result would be unacceptably inequitable.

## CONCLUSION

IT IS HEREBY ORDERED that the motion to dismiss (ECF No. 5) is GRANTED IN PART AND DENIED IN PART. The claim to quiet title is DISMISSED WITH LEAVE TO AMEND within twenty days of this order. The claims of breach of fiduciary duty and unjust enrichment will proceed.

IT IS SO ORDERED. April 16, 2018.

_____
ROBERT C. JONES
United States District Judge